UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SATICOY BAY LLC, SERIES 3338 FLYING COLT, <br><br>Plaintiff<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant | Case No.: 2:22-cv-00228-APG-EJY <br><br>**Order Granting Motion to Dismiss** <br><br>[ECF No. 6] |

Plaintiff Saticoy Bay LLC, Series 3338 Flying Colt owns property located at 3338 Flying Colt Court in North Las Vegas, Nevada. The property is encumbered by a deed of trust securing a loan taken out by a prior owner of the property. Defendant Nationstar Mortgage, LLC is the current beneficiary of record under the deed of trust. Nationstar recorded a notice of default in April 2013. ECF No. 1-1 at 62. In November 2019, Nationstar recorded a rescission of the 2013 notice of default. *Id.* at 75. Nationstar filed a second notice of default in October 2021, which prompted this lawsuit. *Id.* at 83.

Saticoy asserts a claim for quiet title and seeks a declaration that the deed of trust was extinguished by operation of Nevada Revised Statutes (NRS) § 106.240. Saticoy brings claims for slander of title, fraud, and rescission of the notice of default based on the same contention that the deed of trust was extinguished. Finally, Saticoy alleges Nationstar was unjustly enriched by Saticoy's improvements and repairs to the property.

Nationstar moves to dismiss, arguing (among other things) that Saticoy's first four claims fail because § 106.240 did not extinguish the deed of trust. Nationstar also contends that Saticoy's decision to improve and repair the property did not inequitably confer a benefit on

Nationstar. Saticoy responds that the rescission was insufficient to decelerate the debt and there is no other basis to toll § 106.240's ten-year period. Saticoy thus contends it has adequately stated its first four claims. Alternatively, Saticoy requests relief under Federal Rule of Civil Procedure 56(d). As for unjust enrichment, Saticoy argues that in addition to making repairs and improvements, it also paid taxes and homeowners association assessments that Nationstar should have paid to preserve its interest in the property.

The parties are familiar with the facts, so I repeat them here only as necessary to resolve the motion. I grant Nationstar's motion to dismiss Saticoy's complaint. I dismiss the first four claims with prejudice because amendment would be futile. I deny Saticoy's request for Rule 56(d) relief because the facts it identifies as necessary to oppose dismissal would not alter the outcome. I dismiss Saticoy's unjust enrichment claim because Saticoy has not plausibly alleged that Nationstar has inequitably retained a benefit. I grant Saticoy leave to amend this claim because it is not clear that amendment would be futile.

## I. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

/ / / /

### A. Section 106.240

NRS § 106.240 provides:

> The lien heretofore or hereafter created of any mortgage or deed of trust upon any real property, appearing of record, and not otherwise satisfied and discharged of record, shall at the expiration of 10 years after the debt secured by the mortgage or deed of trust according to the terms thereof or any recorded written extension thereof become wholly due, terminate, and it shall be conclusively presumed that the debt has been regularly satisfied and the lien discharged.

This statute "creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due." *Pro-Max Corp. v. Feenstra*, 16 P.3d 1074, 1077 (Nev. 2001), *opinion reinstated on reh'g* (Jan. 31, 2001).

The Supreme Court of Nevada has not directly addressed what the statute means by the debt becoming "wholly due."[1] But that court has suggested that "wholly due" means when the debt is "due in full," which includes "'the lender exercis[ing] his or her option to declare the entire note due.'" *First Am. Title Ins. Co. v. Coit*, No. 70860, 412 P.3d 1088, 2018 WL 1129810, at *1 n.1 (Nev. Feb. 26, 2018) (quotation omitted). "That would include not only the ultimate maturity date, but also a sooner date if the lender accelerates the debt and declares the entire debt due. The statute's plain language supports this interpretation." *Bank of Am., N.A. v. Estrella II Homeowners Ass'n*, No. 2:16-cv-02835-APG-DJA, 2020 WL 4194004, at *2 (D. Nev. July 21, 2020). "It is also consistent with Nevada law that recognizes a lender's ability to accelerate and

---

[1] The Supreme Court of Nevada recently declined to address "whether acceleration of a loan makes the loan 'wholly due' for purposes of triggering NRS 106.240's 10-year time frame." *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, --- P.3d ----, 138 Nev. Adv. Op. 22, 2022 WL 1051628, at *1 n.2 (Nev. 2022). Because that court has not addressed what it means for the debt to become wholly due, I must predict how that court would decide this question. *Orkin v. Taylor*, 487 F.3d 734, 741 (9th Cir. 2007). I may use "decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004) (quotation omitted).

3

decelerate debts." *Id.* (citing *Clayton v. Gardner*, 813 P.2d 997 999 (Nev. 1991); *Cadle Co. II v. Fountain*, No. 49488, 281 P.3d 1158, 2009 WL 1470032 (Nev. Feb. 26, 2009)). "[A]n acceleration [must] be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention . . . ." *Clayton*, 813 P.2d at 999 (quotation omitted). Recording a rescission of the notice of default cancels the notice of default and thus "effectively cancel[s] the acceleration." *Glass v. Select Portfolio Servicing, Inc.*, No. 78325, 2020 WL 3604042, at *1 (Nev. July 1, 2020).

Nationstar recorded a notice of default in 2013. However, the debt was decelerated less than ten years later when Nationstar recorded a rescission of the 2013 notice of default in 2019. Although Saticoy contends the rescission did not adequately decelerate the debt, Saticoy does not contest that there is no material difference between the language of the rescission in this case and that in *Glass*. The Supreme Court of Nevada has recently confirmed that a rescission like the one in *Glass* decelerates the loan for purposes of § 106.240. *SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, --- P.3d ----, 138 Nev. Adv. Op. 22, 2022 WL 1051628, at *3-4 (Nev. 2022). Consequently, the deed of trust has not been extinguished by operation of § 106.240 as a matter of law.

Because Saticoy's first four claims rest on its contention that the deed of trust was extinguished, those claims fail as a matter of law. I therefore grant Nationstar's motion to dismiss these claims with prejudice. I deny Saticoy's request for Rule 56(d)[2] relief because Saticoy does not identify facts that would change the outcome. Whether Nationstar accelerated the debt in late 2010 or early 2011 does not matter because Nationstar decelerated the debt less

---

[2] Saticoy did not file a separate motion for Rule 56(d) relief as required under the Local Rules. LR IC 2-2(b).

4

than ten years later in 2019.[3]  I deny leave to amend as to these claims because amendment would be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

### B. Unjust Enrichment

Nationstar argues that Saticoy did not confer a benefit on Nationstar by making improvements on Saticoy's own property.  Nationstar also argues it would not be inequitable for it to retain any such benefit because even if the repairs and improvements result in a higher foreclosure sale price, Nationstar can recover only what is owed to it.  Nationstar contends that Saticoy made a speculative investment in buying and then improving the property, so the equities do not weigh in favor of requiring Nationstar to reimburse Saticoy for its voluntary business decisions.

Saticoy responds that if the foreclosure sale proceeds cover what Nationstar is owed, any excess will go to the borrower, not Saticoy.  Saticoy contends it is attempting to prevent the homeowner from receiving a windfall from Saticoy's repair and maintenance costs.  It also argues that its unjust enrichment claim is based on its payment of taxes and homeowner association assessments.  Saticoy contends that if it had known the property was subject to the deed of trust, it would have been unreasonable for Saticoy to pay these expenses because Nationstar would bear the responsibility to pay them to preserve its interest in the property.

---

[3] The 2013 notice of default states that the first delinquency under the deed of trust was December 1, 2010. ECF No. 1-1 at 62.

"Unjust enrichment is the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Topaz Mut. Co., Inc. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992) (quotation omitted). To state an unjust enrichment claim, the plaintiff must plausibly allege it conferred a benefit on the defendant, the defendant appreciated the benefit, and the defendant accepted and retained the benefit. *Id.*

Saticoy has not plausibly alleged it would be inequitable for Nationstar to reap the proceeds of a higher foreclosure price resulting from Saticoy's repairs and improvements. Nationstar has a secured interest in the property, and it would receive from a foreclosure sale only the amount that is owed to it. Saticoy has not plausibly alleged that it would be inequitable for a secured creditor to obtain the amount owed to it. Saticoy essentially concedes the point by arguing that it is attempting to prevent a windfall to the borrowers. But that is not a basis to sue Nationstar for unjust enrichment.

Saticoy also has not plausibly alleged that it is inequitable for Nationstar to retain the benefit of Saticoy's payment of taxes and homeowner association assessments. First, Saticoy does not allege facts in the complaint that it paid these amounts. But even if it had, Saticoy is the property owner who owes taxes and assessments, not Nationstar. While Nationstar could elect to pay off these amounts to protect its lien interest in the property, Saticoy has not plausibly alleged that Nationstar was obligated to do so such that it was inequitable for Nationstar to let Saticoy pay instead.

It appears unlikely that facts exist to state a plausible unjust enrichment claim against Nationstar. However, I grant Saticoy leave to amend this claim only, if facts exist to do so, because it is not clear that amendment would be futile. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th

6

Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).

## II.  CONCLUSION

I THEREFORE ORDER that defendant Nationstar Mortgage, LLC's motion to dismiss **(ECF No. 6) is GRANTED**.

I FURTHER ORDER that plaintiff Saticoy Bay LLC, Series 3338 Flying Colt may file an amended complaint by April 29, 2022, if facts exist to do so.  Failure to file an amended complaint by that date will result in denial of the unjust enrichment claim with prejudice and entry of final judgment.

DATED this 21st day of April, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE